# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHRISTOPHER LACCINOLE,<br><br>　　　　　Plaintiff,<br>　v.<br><br>ADT LLC d/b/a ADT SECURITY SERVICES,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-00481-WES-LDA |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant, ADT LLC d/b/a ADT Security Services ("ADT"), by and through its undersigned attorneys, respectfully responds in opposition to Plaintiff's Motion to Remand (ECF No. 8) (the "Motion").

This is a federal Telephone Consumer Protection Act ("TCPA") litigation in which Plaintiff also asserts a claim under the Rhode Island Deceptive Trade Practices Act (the "RI DTPA"). While federal question jurisdiction indisputably exists on the face of the Complaint, Plaintiff argues that remand is appropriate because ADT has asserted several affirmative defenses in its Answer (ECF No. 5) based on Plaintiff's lack of standing. ECF No. 8, at 1; ECF No. 8-1, at 2.[1] Plaintiff's Motion, however, rests on a fundamental misunderstanding of the

---

[1] Plaintiff also criticizes ADT for filing its Answer and Affirmative Defenses "a mere seven days" after it removed this case from Rhode Island state court. *See* ECF No. 8, at 2; ECF No. 8-1, at 2. Yet, not only was ADT required to answer within seven days of removal under Fed. R. Civ. P. 81(c)(2)(C), but Plaintiff himself wrote ADT's counsel the day that ADT's Notice of Removal was filed, stating: "In order to remove any doubt, I want to make it clear that my expectation is that [ADT] will file an answer/response to my Complaint within 7 days per FRCP 81." Aug. 30, 2018 Email from Christopher Laccinole to Robert Shindell (attached hereto as Exh. "A"). As this Court has noted, Plaintiff has offered "baseless" and questionable arguments and allegations in the past. *See, e.g., Laccinole v. Assad*, No. 14-404 S, 2016 WL 868511, at *2 (D.R.I. Mar. 7, 2016) (Smith, C.J.) ("Both of these allegations are baseless . . ."); *Laccinole v. Twin Oaks Software Devel., Inc.*, No. CA 13-716 ML, 2014 WL 2440400, at *2 n.5, *9 & *12 (D.R.I. May 30, 2014) (Lisi, J.) ("Mr. Laccinole's tendency [is] to shift position as the wind changes," and that he "switch[es] his theory" of liability (he has a "revolving legal theory") whenever

1

difference between Article III standing and statutory standing. ADT has not argued that Plaintiff lacks Article III standing – indeed, ADT has not formally moved to dismiss Plaintiff's claims at all on such basis – but has instead preserved its defense that Plaintiff lacks statutory standing to recover under the TCPA and RI DTPA. Plaintiff's Motion should be denied, along with his request for fees.[2]

## I. Defendant has properly invoked this Court's jurisdiction.

Plaintiff argues that ADT cannot assert as a defense that Plaintiff lacks standing to bring claims under the TCPA and the RI DTPA because ADT asserted that jurisdiction was proper in federal court. ECF No. 8-1, at 1-2. Plaintiff is confusing two distinct concepts. In removing the case to federal court, ADT asserted, correctly, that jurisdiction was proper "pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States. Thus, removal of Plaintiff's TCPA claims is appropriate under 28 U.S.C. § 1441(a)." ECF No. 1, at ¶ 14; *see also Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-CV-20048, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) (rejecting a motion to remand based on the argument that defendant did not allege in its notice of removal that plaintiff had Article III standing because in removing

---

expedient); *id.*, at *4-5 (characterizing some of Plaintiff's arguments at a hearing as "disingenuous" and explaining that, "at the hearing, he appeared to concede that much of what he had pled in his Complaint is without merit"). In fact, both this Court and the First Circuit repeatedly have warned Plaintiff that he "'has come perilously close to the border'" of "pursuing . . . frivolous and vexatious" claims and appeals. *See, e.g., Laccinole v. Experian Info. Solutions, Inc.*, No. 15-337-M-LDA, 2017 WL 563962, at *1 n.1 (D.R.I. Feb. 10, 2017) (McConnell, J.) (quoting *Laccinole v. Twin Oaks Software Devel., Inc.*, No. 14-1705 (1st Cir. Apr. 27, 2015)); *Laccinole v. Assad*, No. 14-447 S, 2016 WL 878495, at *2 (D.R.I. Mar. 7, 2016) (Smith, C.J.) ("Based on Laccinole's history with this Court, Laccinole is WARNED that amending his complaint to bring a frivolous or meritless lawsuit may warrant the imposition of sanctions including fines . . . and an injunction from filing further lawsuits absent prior permission of a judge to file."); *Laccinole v. Twin Oaks Software Devel., Inc.*, No. 13-716 ML, 2015 WL 3770652, at *2 (D.R.I. June 17, 2015) (declining to award sanctions based on bad faith litigation and harassment by Plaintiff, but finding it to be a "a close call": "the Court concludes, as did the First Circuit, that Plaintiff 'has come perilously close to the border' of making and prosecuting a bad faith claim. Plaintiff is now forewarned that he can no longer ignore pertinent law or facts without consequence. Plaintiff should keep this admonition in mind with respect to the other matters he has filed in this District and any litigation he may bring in the future.") (internal citations omitted).

[2]  Should the Court be inclined to grant Plaintiff's Motion, ADT respectfully requests leave to amend its Answer and Affirmative Defenses to clarify the affirmative defenses that form the basis for Plaintiff's Motion are not based on Article III standing.

an action to federal court "a defendant must make a plausible jurisdictional allegation—that is, a plausible allegation of either federal question jurisdiction or diversity jurisdiction—in its notice of removal. The claims in this action are entirely based on federal statute, and Defendant here plausibly alleged federal question jurisdiction in its notice of removal"). This is distinct from whether Plaintiff has standing to bring a cause of action under the TCPA or the RI DTPA. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (comparing statutory standing and Fed. R. Civ. P. 12(b)(6) with Article III standing and Fed. R. Civ. P. 12(b)(1)).

Constitutional or Article III standing "assures respect for the Constitution's limitation of '[t]he judicial Power' to 'Cases' and 'Controversies.'" *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016) (quoting U.S. Const. art. III, § 2, cl. 1.). "The heartland of constitutional standing is composed of the familiar amalgam of injury in fact, causation, and redressability." *Id.* Article III standing implicates the power of the federal judiciary and therefore cannot be waived or stipulated by parties. *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001). Put simply, whether the parties believe a plaintiff has Article III standing is immaterial; if a court finds Article III standing, there is standing.

> Constitutional standing differs from statutory standing. Constitutional standing goes to the power of the court: the question is whether the parties have presented the kind of case or controversy that the Constitution allows federal courts to hear. In contrast, statutory standing "is simply statutory interpretation: the question it asks is whether Congress has accorded ***this*** injured plaintiff the right to sue the defendant [under the particular statute] to redress his injury."

*Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 765 F.3d 59, 62 (1st Cir. 2014) (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007) (emphasis in original)). "Unlike

3

constitutional standing, statutory standing is part and parcel of the merits of a particular claim," *id.*, and "the existence of statutory standing is not a prerequisite to a court's power to adjudicate a case." *United States v. Catala*, 870 F.3d 6, 10 (1st Cir. 2017). For this reason, "arguments based on statutory standing, unlike arguments based on constitutional standing, are waivable." *Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 53 (1st Cir. 2014). Thus, they must be raised either by motion or responsive pleading. *See* Fed. R. Civ. P. 12(h)(1).

Plaintiff claims that ADT's Notice of Removal is defective because ADT's Answer contains affirmative defenses that Plaintiff lacks standing to bring claims under the TCPA and the RI DTPA. *See* ECF 8-1, at 1-2. Plaintiff then cites cases considering Article III standing and injury (*id.*, at 2-4; ECF 8, at 2). *See, e.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) (plaintiffs must show concrete injury); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*, 876 F.2d 1051, 1053 (1st Cir. 1989) (organization failed to show injury to members); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (remand because Article III standing was "unsettled" after *Spokeo* and the Defendants did not meet burden to show removal was proper); *Cont'l Cas. Co. v. S. Co.*, 284 F. Supp. 2d 1118, 1120-21 (N.D. Ill. 2003) (case or controversy requirement of Article III was satisfied by concrete dispute). Plaintiff's citations are irrelevant and misplaced, as ADT is not challenging Plaintiff's constitutional standing.

ADT's affirmative defenses are that Plaintiff lacks statutory standing to bring claims under the TCPA and the RI DTPA. For example, ADT states that Plaintiff "lacks standing to bring a claim under the Rhode Island Deceptive Trade Practices Act because Plaintiff has not purchased or leased goods or services, or suffered any ascertainable loss of money or property." ECF No. 5, at 6. This assertion mirrors the statutory requirement that an individual must meet to

bring a private cause of action under the RI DTPA. 6 R.I. Gen. Laws Ann. § 6-13.1-5.2 (2018). It describes an element of *statutory* standing, not constitutional standing, and states that Plaintiff has not met these requirements.

Contrary to Plaintiff's assertions, ADT makes no claim that Plaintiff has failed to plead injury sufficient for Article III standing or that Plaintiff has not suffered any injury. Indeed, a number of ADT's answers and defenses relate not to whether Plaintiff suffered *injuries*, but whether Plaintiff is entitled to *recover damages* based on those alleged injuries. *See, e.g.*, ECF No. 5, at 1, 4, 5. Simply alleging that one has been injured is no guarantee of relief, particularly in private causes of actions based on complicated statutory frameworks that limit who can recover. *See Vander Luitgaren*, 765 F.3d at 62. ("[T]he question [statutory standing] asks is whether Congress has accorded this injured plaintiff the right to sue the defendant [under the particular statute] to redress his injury."). For example, the TCPA creates a private right of action for individuals to bring suit based on violations of the Act, *see, e.g.*, 47 U.S.C. § 227(b)(3), but a "violation" of the TCPA requires that certain statutory criteria be met; mere generic injury is not enough. *See id.* at § 227(b)(1)(A)(iii) (prohibiting, among other acts, the use of autodialers to call cellular phones absent an emergency or consent). Under the TCPA, then, two individuals may have identical Article III injuries, like a series of unwanted calls, but one would be permitted to recover damages under the TCPA while one would not, based on how the calls were placed. Based on the Complaint, Plaintiff has alleged that he received calls and texts from ADT in violation of the TCPA. ECF No. 4, at ¶¶ 17-29; *Gibbs v. SolarCity Corp.*, 239 F. Supp. 3d 391, 395 (D. Mass. 2017) (concluding that calls can confer Article III standing). As stated in its Answer, ADT has no knowledge or information sufficient to form a belief about the truth of the allegations of injury in the Complaint. ECF No. 5, at 3. Plaintiff, for his part, "does

5

not dispute that this Court lacks jurisdiction," ECF No. 8, at 2, but fails to explain why jurisdiction is lacking. Thus, based on the existing record, and absent any meaningful argument to the contrary, ADT had and continues to have a reasonable basis for concluding that (1) Plaintiff has Article III standing, (2) Plaintiff has brought a claim arising under the laws of the United States, and (3) jurisdiction in this Court is proper.

## II. Plaintiff is not entitled to fees.

"[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). As discussed above, ADT had a reasonable basis for removing the action to federal court under 28 U.S.C. § 1441(a). More importantly, the case was, in fact, properly removed. In any event, attorneys' fees are not among a *pro se* litigant's expenses in ordering sanctions – "the general rule is that pro se litigants are not entitled to attorneys' fees." *Giannetta v. Boucher*, 981 F.2d 1245 (1st Cir. 1992) (table) (citing cases). As such, Plaintiff is not entitled to fees even were removal inappropriate here.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Remand.

Dated:  September 21, 2018						Respectfully submitted,

  /s/ *Robert C. Shindell*
Robert C. Shindell (RI Bar No. 5269)
BARTON GILMAN LLP
10 Dorrance Street, Suite 800
Providence, RI 02903
Tel: (401) 273-7171
Fax: (401) 273-2904
rshindell@bglaw.com

Daniel S. Blynn (*pro hac vice*)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
dsblynn@venable.com

Liz C. Rinehart (*pro hac vice*)
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7400
Fax: (410) 244-7742
lcrinehartinehart@venable.com

*Attorneys for Defendant ADT LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2018, I have electronically filed a copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion to Remand with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants duly registered to receive service of filings in this case.  A copy also has been served via first-class mail on:

Christopher Laccinole
17 Richard Smith Road
Narragansett, RI 02882

  /s/ Robert C. Shindell
Robert C. Shindell
*An Attorney for Defendant ADT LLC*

# Exhibit A

**From:** chris laccinole [mailto:chrislaccinole@gmail.com]
**Sent:** Thursday, August 30, 2018 2:12 PM
**To:** Robert C. Shindell <rshindell@bglaw.com>; Nicole R. Maccarone <nmaccarone@bglaw.com>
**Subject:** Laccinole v. ADT LLC 1:18-cv-00481

Dear Mr. Shindell,
I see you have entered your appearance in this matter.  While I did agree to a brief extension to your Client's answer while this matter was pending in State Court, that time has passed.  In order to remove any doubt, I want to make it clear that my expectation is that your client will file an answer/response to my Complaint within 7 days per FRCP 81.

Sincerely,
Chris Laccinole