```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
CHRISTOPHER LACCINOLE              )
                                   )
         Plaintiff,                )
                                   )
         v.                        )   C.A. No. 18-481 WES
                                   )
ADT LLC d/b/a ADT SECURITY         )
SYSTEMS,                           )
                                   )
         Defendant.                )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff's pro se Motion to Remand (ECF No. 8) and Defendant's Opposition to that Motion (ECF No. 9). For the following reasons, Plaintiff's Motion is denied.

Plaintiff filed a Complaint in Rhode Island Superior Court on July 19, 2018, alleging that Defendant "repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter 'TCPA')" and the Rhode Island Deceptive Trade Practices Act, R.I.G.L. § 6-13.1-1, et seq. ("RIDTPA"), by initiating "robocalls" to his cell phone. (See Compl. ¶¶ 1, 24, ECF No. 1-1.) On August 30, 2018, Defendant filed a Notice of Removal, asserting that this Court had jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint raised claims arising under the TCPA. (See Def.'s Notice of Removal, ECF No. 1.) Defendant then filed an

Answer to Plaintiff's Complaint (ECF No. 5), in which it raised several affirmative defenses challenging Plaintiff's standing. (See Def.'s Answer 5-6) ("Plaintiff lacks standing to assert any claims against ADT"; "Plaintiff lacks standing to bring a claim under the [RIDTPA]."). In his Motion to Remand, Plaintiff argues that Defendant's affirmative defenses indicate that the federal court never had jurisdiction over his claims and, therefore, Defendant "had no reasonable basis for removing this case and . . . unnecessarily multiplied the proceedings." (Pl.'s Mem. of Law in Supp. of Mot. to Remand 2, ECF No. 8-1). He seeks to recoup the costs he incurred as a result of the "improper removal" of this case. (Id. at 9.)

"Under the well-pleaded complaint rule the question of jurisdiction must be determined from Plaintiffs' statement of claim in the complaint." R.I. Fishermen's Alliance, Inc., ex rel. Fuka v. Dep't of Envtl. Mgmt., No. C.A. 07-230ML, 2007 WL 7328831, at *4 (D.R.I. Nov. 5, 2007); aff'd sub nom. R.I. Fishermen's Alliance, Inc. v. R.I. Dep't Of Envtl. Mgmt., 585 F.3d 42 (1st Cir. 2009). The question is "whether the plaintiff[s'] claim to relief rests upon a federal right, and the court is to look only to plaintiff[s']complaint to find the answer." Id. (quoting Roselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir.2004)).

2

Plaintiff's Complaint expressly invokes the TCPA, and as such, it contains a "claim to relief" that "rests upon a federal right." R.I. Fishermen's Alliance, 2007 WL 7328831, at *4. The fact that Defendant has raised lack of standing as an affirmative defense does not deprive this Court of jurisdiction under 28 U.S.C. § 1331. As explained in its Opposition, Defendant's affirmative defenses put into dispute Plaintiff's statutory standing and his ability to identify a compensable injury, not Plaintiff's Article III standing or this Court's jurisdiction. (See Def.'s Opp'n to Pl.'s Mot. to Remand 4-5.) Accordingly, removal was proper.

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 8) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: October 4, 2018